COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Fitzpatrick
Argued at Alexandria, Virginia

CLIFFORD LAMONT SILVER

v.          Record No. 0297-94-4          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                        MAY 30, 1995

              FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                     Porter R. Graves, Jr., Judge

        Walter F. Green, IV (Green & O'Donnell, on brief), for
        appellant.

        Eugene Murphy, Assistant Attorney General (James S.
        Gilmore, III, Attorney General, on brief), for appellee.


        Clifford Lamont Silver (defendant) was convicted by a jury

of robbery "as a principal in the second degree."  On appeal, he

contends that the evidence was insufficient to prove either a

robbery or defendant's involvement in it.  We disagree and affirm

the conviction.

        The parties are conversant with the record in this case, and

a recitation of the facts is unnecessary to this memorandum

opinion.

        Under well established principles of appellate review, we

examine the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom.  Traverso v. Commonwealth, 6 Va. App. 172,

176, 366 S.E.2d 719, 721 (1988).  The jury's verdict will not be

disturbed unless plainly wrong or without evidence to support it.

Id.  The credibility of a witness, the weight accorded the

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination  Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

## I.

Robbery is "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation."  Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 572-73 (1968). The possessory rights of "'another'" displaced by "the taking . . . 'from his person or in his presence, against his will'" requires only a custody interest "superior to that of the thief." Beard v. Commonwealth, 19 Va. App. 359, 362, 451 S.E.2d 698, 700 (1994) (citations omitted).  "If the violence or intimidation preceded or was concomitant with the taking, the offense of robbery is established; if the taking was accomplished before the violence toward or intimidation of [the victim], then it was not robbery."  Mason v. Commonwealth, 200 Va. 253, 255, 105 S.E.2d 149, 151 (1958).

Here, defendant's confederate, Russell Tross, had taken physical possession of an item in a grocery store, intending to "shoplift" it, but was confronted by the manager while attempting to exit the store.  In order to sever the continuing constructive possession of the owner and custodian of the property, thereby completing the theft, Tross murdered the manager and fled the premises with the stolen property.  Under such circumstances, Tross's criminal conduct clearly constituted robbery rather than

simply larceny.  See Beard, 19 Va. App. at 365 n.1, 451 S.E.2d at 702; Pritchard v. Commonwealth, 225 Va. 559, 561-62, 303 S.E.2d 911, 912-13 (1983).

## II.

It is well established that a "'principal in the first degree is the actual perpetrator of the crime.'"  Hall v. Commonwealth, 8 Va. App. 526, 530, 383 S.E.2d 18, 21 (1989) (quoting Jones v. Commonwealth, 208 Va. 370, 372, 157 S.E.2d 907, 909 (1967)).  A principal in the second degree is a person present at the scene of the offense, either actually or constructively, aiding or abetting its commission through "words, gestures, signals or actions to in some way encourage, advise, . . . urge, or . . . help" the primary actor.  Ramsey v. Commonwealth, 2 Va. App. 265, 269, 343 S.E.2d 465, 468 (1986).  A principal in the second degree "may be indicted, tried, convicted and punished in all respects as if a principal in the first degree."  Code § 18.2-18.

Aiders or abettors must either share the perpetrator's criminal intent or commit an overt act in furtherance of the crime, thereby making the offense "more likely" to occur.  Rollston v. Commonwealth, 11 Va. App. 535, 539, 399 S.E.2d 823, 826 (1991).  Whether an accused aided and abetted in the commission of an offense is a question of fact to be determined from the circumstances of each case.  Pugliese v. Commonwealth, 16 Va. App. 82, 93, 428 S.E.2d 16, 25 (1993).

A principal in the second degree may be vicariously

responsible for the criminal acts of the actual perpetrator, provided the aider and abettor acted in concert with him, intending "'to commit a wrongful act, the execution whereof makes probable, in the nature of things, a crime not specifically designed, but incidental to that which was the object of the confederacy.'" Carter v. Commonwealth, 232 Va. 122, 126-27, 348 S.E.2d 265, 268 (1986) (citations omitted); Rollston, 11 Va. App. at 542-43, 399 S.E.2d at 827. The resulting crime need not have been "'part of the original design; it is enough if it be one of the incidental probable consequences . . . and should appear at the moment to [a] participant[] to be expedient for the common purpose.'" Carter, 232 Va. at 127, 348 S.E.2d at 268 (citation omitted). "The question of whether the offense is the natural and probable result of the intended wrongful act is usually for the jury." Rollston, 11 Va. App. at 543, 399 S.E.2d at 828 (citation omitted).

The record discloses that defendant, Kelly Bodkins and Tross, all planned to "steal" beer from a grocery store, intending to share it with everyone in the automobile. Tammy Hamlin drove to the store, and "parked right out front." Defendant and Bodkins entered the store, followed by Tross, shoplifted beer, returned to the car, and waited for Tross. When they viewed the encounter between Tross and the manager through a window, Hamlin relocated the car at defendant's instruction, "slowly rolling" while still waiting for Tross. After shooting the manager with defendant's pistol, Tross ran to the vehicle,

- 4 -

defendant opened the door for him, and Hamlin sped away from the scene at the direction of defendant and Tross, with law enforcement officers in pursuit. In flight, Tross passed the murder weapon to defendant, and he "threw [it] out the window." Shortly thereafter, defendant and Tross "jumped out of the car" and "ran away." Following his apprehension, defendant lied to police with respect to his identity and involvement in the crimes.

This evidence, considered together with the entire record, clearly establishes defendant's role as a confederate of Tross, acting in concert with him to steal from the grocery store and, therefore, equally culpable for the attendant robbery. Accordingly, the verdict finds ample support in the record and will not be disturbed on appeal.

Affirmed.
