COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Coleman and Senior Judge Cole
Argued at Richmond, Virginia


CHARLES J. PERRY

MEMORANDUM OPINION<sup>*</sup>

v.      Record No. 0237-95-2      BY JUDGE MARVIN F. COLE
                                       JULY 9, 1996
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      William R. Shelton, Judge

            John J. Trexler (Beddow, Marley, Burgess &
            Associates, on brief), for appellant.

            Eugene Murphy, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     On appeal from his convictions of robbery, abduction and

assault, Charles J. Perry contends that the evidence was

insufficient to sustain the convictions.  We disagree and affirm

the trial court.

     In November, 1993, Larry Bonner, the victim, was arrested

and incarcerated in Petersburg.  He was released on bond, with

Perry acting as his bondsman.  Earl Fields co-signed as a

guarantor on Bonner's bond.  Bonner agreed to pay Perry's fee in

bi-weekly installments, which he failed to do on a regular basis.

     On April 30, 1994, Bonner still owed Perry money on the

bond.  Fields saw Bonner at a nightclub in Petersburg and asked

_____

        <sup>*</sup> Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Bonner whether he had any money. Bonner responded that he did not. After calling Perry, Fields handcuffed Bonner and transported him to Perry's house.

Bonner testified that when he arrived at Perry's house, Perry struck him in the face several times and asked whether he had any money. Then, Perry and Fields both struck and kicked Bonner. Bonner testified, "Fields took my gold tooth out with the pliers. Perry busted my eardrum, with his hands . . . ." The gold "tooth" was a gold crown that was removed from Bonner's front tooth.

Bonner stated he was then handcuffed to Perry's garage door from about 1:30 a.m. until 8:00 a.m., when Fields took Bonner to the Petersburg jail.

Bonner testified that, as a result of the incident, his eyes were swollen, the skin was broken on his wrists from the handcuffs, his ribs were sore, and his nose was bleeding. He also said they "messed [his] teeth up." Henry Stewart, a doctor's assistant at the jail, testified that, when Bonner arrived at the jail, he had abrasions and swelling below both eyes. He had a red mark around both wrists, and one hand was swollen. Stewart said Bonner complained of tenderness on his right side, soreness in his neck, and a swollen left cheek.

Perry testified that he instructed Fields to bring Bonner to his house on April 30, 1994, and that, when they arrived, Bonner's eyes were puffy and red. Perry said he could not return

Bonner to jail without a bailpiece, and the bailpiece forms were

at his office and at his house.  He denied he abused Bonner and said he did not see Fields abuse Bonner.  Perry denied Bonner was handcuffed to a doorknob, stating that he has no garage or tool shed.  Perry testified that the sergeant at the Petersburg jail told him not to bring Bonner in until after 7:30 a.m. because the jail was busy.

## I.  Robbery

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The elements of robbery are "[1] the taking, with the intent to steal, [2] of the personal property of another, [3] from his person or in his presence, [4] against his will, by violence or intimidation."  Jordan v. Commonwealth, 2 Va. App. 590, 595, 347 S.E.2d 152, 155 (1986).

> A principal in the second degree is a person who is present, aiding and abetting, by helping some way in the commission of the crime.  Presence or consent alone is not sufficient to constitute aiding and abetting.  It must be shown that the defendant intended his words, gestures, signals or actions to in some way encourage, advise, or urge, or in some way help the person committing the crime to commit it.

Ramsey v. Commonwealth, 2 Va. App. 265, 269, 343 S.E.2d 465, 468 (1986).

Perry instructed Fields to bring Bonner to Perry's house on April 30, 1994.  Bonner arrived at Perry's house in handcuffs.

Bonner testified that, upon his arrival, Perry struck him in the face several times and asked if he had any money. Bonner stated that both Perry and Fields beat and kicked him, and that Perry "busted his eardrum with his hands." Bonner also testified that "Fields took my gold tooth out with the pliers."

Although Perry testified that he did not harm or abuse appellant, the fact finder believed the testimony of Bonner. "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). Bonner's testimony was competent and was not inherently incredible. From his testimony, the fact finder could have inferred beyond a reasonable doubt that Fields extracted the gold crown in the quest to obtain something of monetary value from Bonner. The fact finder could also have inferred beyond a reasonable doubt that Perry intended his actions of beating and kicking Bonner to aid and encourage Fields in removing the gold crown because it was removed during the joint attack on Bonner.

Moreover, the fact finder could have concluded that Fields and Perry were acting in concert to obtain something of value from Bonner. As such, Perry is deemed to have shared Fields' intent and is criminally responsible for Fields' acts as a principal in the second degree. See Riddick v. Commonwealth, 226 Va. 244, 248, 308 S.E.2d 117, 119 (1983). Accordingly, Perry is

equally responsible for Fields' removal of the gold crown.

The evidence also supports a finding that the taking was effected through the use of violence or intimidation.  From the evidence of the beating of the handcuffed victim, and the use of pliers to remove the gold crown from Bonner's mouth, the fact finder could have found beyond a reasonable doubt that the beating and the theft of the crown were "interdependent objects of a common criminal design" to obtain something of monetary value from Bonner.  See Yeatts v. Commonwealth, 242 Va. 121, 138, 410 S.E.2d 254, 265 (1991), cert. denied, 503 U.S. 946 (1992).  Thus, the violence and intimidation, through both the beating and the forceful extraction of the gold crown, preceded or was concomitant with the taking.  Therefore, the evidence was sufficient to prove beyond a reasonable doubt that Perry committed robbery.

## II.  Abduction

The evidence proved that Fields handcuffed Bonner while he was in the nightclub, then transported him to Perry's house, where he was beaten and handcuffed to the garage door for over six hours before he was taken to jail.

> Code § 18.2-47 provides, in part:
> Any person, who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains, or secretes the person of another, with the intent to deprive such other person of his personal liberty or to withhold or conceal him from any person, authority or institution lawfully entitled to his charge, shall be deemed guilty of "abduction."

Nothing in Code § 19.2-149[1] imparted legal justification to beat Bonner and handcuff him for six hours to a door before surrendering him to jail. Although Perry denied that he abused Bonner or handcuffed him to a door, the fact finder believed Bonner's testimony. See Bridgeman, 3 Va. App. at 528, 351 S.E.2d at 601. From this evidence, the fact finder could have found beyond a reasonable doubt that Perry detained Bonner, by force, without legal justification, and with the intent to deprive him of his personal liberty. Thus, the evidence was sufficient to prove beyond a reasonable doubt that Perry committed abduction.

### III. Assault

"Criminal assault . . . is 'any attempt or offer with force or violence to do corporal hurt to another.'" Martin v. Commonwealth, 13 Va. App. 524, 527, 414 S.E.2d 401, 402 (1992) (en banc) (citation omitted). Bonner stated that Perry struck him, kicked him, and "busted [his] eardrum with his hands." Bonner also testified that, as a result of the conduct of Perry and Fields, his eyes were swollen, his ribs were sore, his nose bled, and his teeth were "messed up." Henry Stewart's testimony corroborated Bonner's testimony concerning Bonner's wounds.

---

[1] Code § 19.2-149 provides, in pertinent part: "A surety on a bond in a recognizance may at any time arrest his principal and surrender him to the court before which the recognizance was taken or before which such principal's appearance is required, or to the sheriff, sergeant or jailer of the county or city wherein the court before which such principal's appearance is required is located . . . ."

Although Perry testified that Bonner was injured before he arrived at Perry's house, the fact finder believed the testimony of Bonner concerning the beating.  See <u>Bridgeman</u>, 3 Va. App. at 528, 351 S.E.2d at 601.  From this evidence, the fact finder could have found beyond a reasonable doubt that Perry was guilty of assault.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed</u>.