COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


TANYA DIONNE EDWARDS
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0773-99-2          JUDGE NELSON T. OVERTON
                                         MAY 16, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                     George F. Tidey, Judge

        Wayne R. Morgan, Jr., for appellant.

        Donald E. Jeffrey, III, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     In a bench trial, the circuit court convicted Tanya Dionne

Edwards, appellant, of grand larceny, forgery, and uttering a

forged instrument.  On appeal, appellant contends that the

evidence was insufficient to support the convictions.  We

disagree, and affirm.

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

(citation omitted).

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

So viewed, the evidence proved that appellant's twin sister, Tonya Edwards (Tonya), was working as a caretaker for the sister of Laura Robelen. Robelen and her sister lived together. Tonya stole three checks from Robelen. She cashed one check at a bank in the presence of appellant. The check was made payable to "Tanya Edwards" and was endorsed "Tanya Edwards."[1] Tonya used appellant's identification to cash the check.

Appellant contends that the Commonwealth's evidence proved nothing more than her presence at the bank when Tonya cashed the check. On the contrary, the evidence, viewed in the light most favorable to the Commonwealth, proved that the check was made payable to "Tanya Edwards," was endorsed "Tanya Edwards," that appellant allowed Tonya to use appellant's identification to cash the check, and that appellant stood next to Tonya when Tonya cashed the check. This evidence was sufficient to prove beyond a reasonable doubt that appellant, at a minimum, was a principal in the second degree to the commission of these crimes. See, e.g., Ramsey v. Commonwealth, 2 Va. App. 265, 269, 343 S.E.2d 465, 468 (1986) ("A principal in the second degree is a person who is present, aiding and abetting, by helping some way in the commission of the crime.").

---

[1] Tonya testified that the check was made payable to her. However, the trial court stated that it believed otherwise. Furthermore, the check, which was entered as an exhibit, clearly shows that it was made payable to and endorsed Tanya, not Tonya.

-

Furthermore, we reject appellant's contention that the trial court erred in convicting her because the evidence is susceptible of two interpretations--one innocent and one not. Appellant's "innocent" interpretation is that she was merely present while Tonya cashed the check and that she did not know that Tonya was cashing a stolen check when she lent her identification to Tonya. However, this interpretation of the evidence springs solely from the testimony of appellant and Tonya. The fact finder rejected that testimony. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused [and her witnesses] and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). Having rejected appellant's evidence as not worthy of belief, no "innocent" interpretation of the evidence remained before the court.

Affirmed.

-