COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Clements
Argued at Richmond, Virginia


KEVIN LEE GREEN
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2263-00-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         OCTOBER 23, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                Buford M. Parsons, Jr., Judge Designate

            Linwood T. Wells, III, for appellant.

            Kathleen B. Martin, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Kevin Lee Green (appellant) was convicted in a jury trial of

conspiracy to possess with intent to distribute more than five

pounds of marijuana in violation of Code §§ 18.2-248.1 and

18.2-256.[1]  On appeal he contends (1) that the trial court erred

in accepting the jury verdict finding appellant guilty of

conspiracy with intent to distribute more than five pounds of

marijuana as a principal in the "second degree" and (2) the

evidence was insufficient to convict appellant as a principal in

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Appellant was also charged with possession with intent to
distribute more than five pounds of marijuana and transporting
more than five pounds of marijuana into the Commonwealth.
Appellant was found not guilty of both charges.

the second degree to conspiracy.  For the following reasons, we affirm the judgment of the trial court.

## I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

## A.  OFFENSE

So viewed, the evidence established that on January 7, 1999, a person using the name of Tricia Williams shipped two large boxes from La Mesa, California via Federal Express to Box 233 at Mail Boxes Etc. (the store), 12750 Jeff Davis Highway in Chesterfield County, Virginia.  The box was jointly registered to appellant and Ross Robinson (Robinson) under the name "Green Film Editors," an inactive business.  Robinson and appellant had previously been involved together in the drug trade.  The police intercepted the packages, determined that they contained fifty pounds of marijuana, and set up a controlled delivery with an officer working undercover at the store.

Five days later on January 12, 1999, appellant, in response to a page from Robinson, agreed to pick up the packages from the store.  Robinson told him that "Jay" had tried earlier to pick up the package but was unable to do so because he was not an authorized signatory on the account.  Appellant knew that Jay was

-

Robinson's connection for obtaining drugs. Appellant agreed to meet Jay at Denny's. At the meeting Jay asked appellant to get the package and give it to him. Appellant followed Jay to the shopping complex where Mail Boxes Etc. was located. Jay pulled into a nearby McDonald's while appellant went to the store, signed for and picked up the packages. The undercover officer helped appellant place the packages in his vehicle. When appellant started to drive away, the police stopped and arrested him.

After receiving Miranda warnings, appellant told the police that when he saw the size of the packages he knew there were "probably drugs in the boxes." He described his meeting with Jay but refused to divulge what they talked about before he went into the store.

At trial, appellant testified that he had not been expecting such large boxes and "had no idea" of their contents. He claimed he signed for the packages without examining them and denied telling the police he thought the boxes probably contained drugs.

### B. JURY VERDICT

The trial court gave Instruction 6 without objection. It stated:

> A principal in the first degree is the person
> who actually commits the crime. A principal
> in the second degree is a person who is
> present, aiding and abetting, by helping in
> some way in the commission of the crime.
> Presence and consent alone is not sufficient
> to constitute aiding and abetting. It must
> be shown that the defendant intended his
> words, gestures, signals or actions to in

-

some way encourage, advise, or urge, or in
some way to help the person committing the
crime to commit it.
A principal in the second degree is
liable for the same punishment as the person
who actually committed the crime.

During deliberations, the jury asked the trial court whether
this instruction applied to all three charges.  Without objection
from appellant, the trial judge responded, "It goes to all three
charges."  The jury asked the judge a follow-up question, "So any
one of the three we can apply this to, it doesn't have to be to
all three?"  The trial judge responded "that's within your
discretion."

When reading the verdict on the conspiracy charge the
following colloquy took place between the court and the foreperson
of the jury:

THE COURT:  On the charge, we the jury -- the
remaining charge -- we the jury, find the
defendant guilty of the crime of conspiracy
to possess with intent to distribute more
than five pounds of marijuana as charged in
the indictment.  They have added "second
degree," and it is signed by Mr. Simmons as
the foreperson of the jury.
I will have to ask members of the jury,
I think I know what you mean by second
degree, but whether he be a principal in the
first degree or second degree doesn't matter
as to the finding.
Do you want to tell me anything?  What
do you mean by second degree?  There's a
principal in the second degree, is that what
the jury --

THE FOREPERSON:  Right, the principal in the
second degree.  Actually, I believe, Your
Honor, we were under the assumption that a

-

> second degree would be lesser of whatever
> <u>sentence</u> there may be than a first degree.
>
> THE COURT:  Well, the instruction told you
> exactly the opposite.  It may go as to how
> you handle that in the sentencing aspect of
> the case.

(Emphasis added.)

The trial court asked appellant if he had any objection to asking the foreperson to strike the second degree.  Appellant noted an objection to striking the "second degree" and argued that the jury had in fact found him not guilty.  The judge declared to counsel, "[t]hey found him guilty."  The trial court then polled the jury with each member answering affirmatively that they concurred in the verdict.  The case was continued until the next morning for sentencing.

When the court reconvened the following morning, appellant requested a mistrial on the ground that the jury had ignored the instruction given to them regarding principals in the second degree and also argued that the evidence was insufficient as a matter of law to convict.[2]  The trial court overruled appellant's motion.  At the penalty phase appellant was sentenced to five years incarceration and ordered to pay a fine of $500.  The final

---

[2] Although the Commonwealth contends that appellant failed to object to the court's suggestion that the jury strike "second degree" from the verdict form when they returned from deliberations and, thus, appellant's claim is barred by Rule 5A:18, we find that appellant's objection followed by his continued objection the following morning was sufficiently timely in this case to avoid a Rule 5A:18 bar.

-

sentencing order simply finds appellant guilty of "conspiracy to possess marijuana with the intent to distribute." Appellant appeals from this conviction.

## II.  ANALYSIS

Appellant contends (1) that the jury erred by failing to follow the instructions given by the trial judge when they added the words "second degree" to the verdict form and (2) that the evidence was insufficient to convict him as a principal in the second degree to the crime of conspiracy to possess marijuana with the intent to distribute.

## A.  JURY VERDICT

"In determining the validity of a jury's verdict, it is necessary to discern the true intent of the jury." Spear v. Commonwealth, 221 Va. 450, 454, 270 S.E.2d 737, 740 (1980). The reviewing court will "disregard technical irregularities in a verdict where the jury's finding is otherwise clear." Id. Further, the court will "'go far in the disregard of defects in verdicts which have been accepted by the trial courts, but from which, notwithstanding such defects, the real finding of the jury may be determined, though it may not be accurately couched in the technical language of the law.'" Id. (quoting Williams v. Commonwealth, 153 Va. 987, 994, 151 S.E. 151, 153 (1930)).

In the instant case, the record reflects that the trial court accurately ascertained that the jury intended to convict appellant of the underlying conspiracy charged, but erroneously added the

-

"second degree" language in an attempt to impose a lesser
sentence.  The trial court correctly informed the jury that this
was a sentencing concern and could be addressed in the separate
penalty phase.  After this clarification, the trial judge polled
the jury and each jury member affirmed that it was his or her
verdict.  Any confusion on the part of the jury was cured by the
judge's instructing the jury about the meaning of "second degree"
before the sentencing phase.  The jury imposed the minimum
statutory penalty which was consistent with their finding of guilt
on the underlying conspiracy charge and their interest in
mitigating punishment.  Thus, we find no error.

### B.  SUFFICIENCY OF THE EVIDENCE

Appellant next contends that the evidence was insufficient
to convict him as a principal in the second degree.  However,
because we hold that the verdict reflected a finding of guilt as
a principal conspirator, we address the sufficiency of the
evidence as a whole.

In assessing sufficiency of the evidence:

> [W]e examine the evidence in the light most
> favorable to the Commonwealth.  See Martin
> v. Commonwealth, 4 Va. App. 438, 443, 358
> S.E.2d 415, 418 (1987).  The credibility of
> a witness and the inferences to be drawn
> from proven facts are matters solely for the
> fact finder's determination.  See Long v.
> Commonwealth, 8 Va. App. 194, 199, 379
> S.E.2d 473, 476 (1989).  In its role of
> judging witness credibility, the fact finder
> is entitled to disbelieve the self-serving
> testimony of the accused and to conclude
> that the accused is lying to conceal his

-

guilt.  See Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc).

Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).  "The jury's verdict may not be disturbed unless it is plainly wrong or without evidence to support it." Hills v. Commonwealth, 33 Va. App. 442, 456, 534 S.E.2d 337, 344 (2000).

A conspiracy is "'an agreement between two or more persons by some concerted action to commit an offense.'"  Ramsey v. Commonwealth, 2 Va. App. 265, 270, 343 S.E.2d 465, 469 (1986) (quoting Falden v. Commonwealth, 167 Va. 542, 544, 189 S.E. 326, 327 (1937)).  "In Virginia, the crime of conspiracy is complete when the parties agree to commit an offense.  No overt act in furtherance of the underlying crime is necessary."  Gray v. Commonwealth, 260 Va. 675, 680, 537 S.E.2d 862, 865 (2000). "Liability as a conspirator is not dependent upon knowledge of the details and the scope of the conspiracy or the identity and role of each co-conspirator."  Barber v. Commonwealth, 5 Va. App. 172, 179, 360 S.E.2d 888, 891 (1987).

In the instant case the evidence was sufficient to establish that appellant conspired with others to possess and distribute the fifty pounds of marijuana.  A number of individuals were involved in the conspiracy.  This includes Robinson, who called appellant and requested the pickup, Jay, who met with appellant and followed him to the store, and the

-

source who shipped the drugs.  Appellant had previously sold cocaine with Robinson and knew that Robinson was selling marijuana.  He followed Robinson's instructions and picked up the packages to bring them to Robinson's house.  Before he retrieved the boxes from Mail Boxes Etc., appellant met with Jay, a person he knew as Robinson's connection for obtaining drugs.  The evidence establishes appellant as an active participant in the conspiracy to pick up the marijuana.

Additionally, the jury was entitled to reject appellant's testimony that he had "no idea" what was in the two large boxes and conclude that he was lying to conceal his guilt.  See Speight, 4 Va. App. at 88, 354 S.E.2d at 98.  Sufficient evidence supports appellant's conviction of conspiracy to possess marijuana with intent to distribute.

Affirmed.

-