COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Clements and Haley
Argued at Chesapeake, Virginia


LAKEITHA D. BRICKHOUSE

                                                    MEMORANDUM OPINION* BY
v.        Record No. 3128-06-1                      JUDGE JEAN HARRISON CLEMENTS
                                                    DECEMBER 18, 2007
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                            Dean W. Sword, Jr., Judge

            S. Jane Chittom, Appellate Defender (Office of the Appellate
            Defender, on brief), for appellant.

            Karen Misbach, Assistant Attorney General II (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Lakeitha D. Brickhouse (appellant) was convicted in a bench trial of possession of

cocaine with the intent to distribute as a principal in second degree, in violation of Code

§ 18.2-248.  On appeal, she contends the trial court erred in finding the evidence sufficient, as a

matter of law, to support her conviction.  Finding no error, we affirm her conviction.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

        Here, finding appellant "knew [Wilkins and Brown] were using her house essentially as a

drug house" to store cocaine, the trial court convicted appellant of possession of cocaine with the

intent to distribute as a principal in the second degree.

        _____

            * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

This appeal followed.

On appeal, appellant maintains the evidence was insufficient to support her conviction because the facts did not prove she knew of the presence of the cocaine found in the air conditioning vent inside her bedroom closet or that she exercised dominion and control over the cocaine. Furthermore, she claims she committed no act "to encourage or assist or even permit some person" to store the cocaine in her home. We disagree with appellant.

In reviewing the sufficiency of the evidence to support a conviction, "we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999). We will affirm the conviction "unless it is plainly wrong or without evidence to support it." Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 906 (2001).

"[P]ossession of a controlled substance may be actual or constructive." McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (citing Archer v. Commonwealth, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983)).

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).

To hold an accused accountable as a principal in the second degree, the Commonwealth must prove the accused was "present, aiding and abetting, by helping some way in the

commission of the crime." Ramsey v. Commonwealth, 2 Va. App. 265, 269, 343 S.E.2d 465, 468 (1986).

> "Mere presence when a crime is committed is, of course, not sufficient to render one guilty as aider or abettor. There must be something to show that the person present and so charged, in some way procured, or incited, or encouraged, the act done by the actual perpetrator. But whether a person does in fact aid or abet another in the commission of a crime is a question which may be determined by circumstances as well as by direct evidence. . . ."

Pugliese v. Commownealth, 16 Va. App. 82, 93, 428 S.E.2d 16, 25 (1993) (quoting Foster v. Commonwealth, 179 Va. 96, 99-100, 18 S.E.2d 314, 316 (1942)).

Viewed in the light most favorable to the Commonwealth, the circumstantial evidence presented at trial proved that appellant resided in a home where drugs were packaged and stored for distribution. Appellant's bedroom contained forty-one grams of crack cocaine, consisting of thirteen individually wrapped bags worth over $2,000, and personal papers identifying her and Wilkins. Next to her bed, officers found drug-packaging materials. In the remaining rooms, officers discovered a trash can and a vase, both containing drug-packaging materials, as well as heroin stored in another bedroom. In plain view, officers found a digital scale containing cocaine residue, a razor blade, and a person identified as a "user" in the bathroom. Additionally, appellant had seen Wilkins with bags of cocaine at her house. Appellant also admitted to Detective Smith that she knew why the officers were there, whom they were there for, and that "she wasn't the one doing it."

Considering these circumstances, the trial court could properly infer that appellant was more than a mere bystander of the crime because she actually provided her home as a venue for the operation of a drug distribution scheme. Therefore, it also follows that appellant knew of, and exercised dominion and control over, the cocaine stored in her bedroom air conditioning vent. Accordingly, we find the evidence sufficient, as a matter of law, to support the finding

- 3 -

beyond a reasonable doubt that appellant aided and abetted in the commission of the crime, and thus, participated in the possession of cocaine with the intent to distribute as a principal in the second degree.

For these reasons, we affirm appellant's conviction.

<u>Affirmed.</u>