COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Petty
Argued at Richmond, Virginia


DAVID EDWIN SAUNDERS
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2051-08-2                      JUDGE WILLIAM G. PETTY
                                                        DECEMBER 1, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                            Robert G. O'Hara, Judge

          Michael T. Hemenway for appellant.

          Joshua M. Didlake, Assistant Attorney General (William C. Mims,
          Attorney General, on brief), for appellee.


        Following a bench trial, appellant, David Edwin Saunders, was convicted of one count of

burglary in violation of Code § 18.2-91, and one count of petit larceny in violation of Code

§ 18.2-96.[1]  Saunders now appeals, arguing that the trial court had insufficient evidence to show

that he actually committed burglary.  Because we disagree with Saunders' reasoning regarding the

sufficiency of the evidence to prove that he committed burglary, we affirm his conviction.

                                    I.  Background

        Upon familiar principles, we state the evidence on appeal in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  Bailey v.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] This Court's May 7, 2009 order only granted an appeal to Saunders on the issue of the sufficiency of the evidence to prove burglary.  Saunders also raised two additional issues in his brief on appeal:  whether the evidence was sufficient to prove that he committed petit larceny and whether the trial court erred in finding that he violated his parole.  Because those questions are not properly before this Court, we will not address them.  See Rule 5A:12(c).

Commonwealth, 38 Va. App. 794, 797, 568 S.E.2d 440, 442 (2002).  On October 16, 2006, the employees of Cabell Insurance in Albemarle County came to work and discovered that their office had been burglarized.  Although there were no signs that either the office building or Cabell's office itself had been forcibly entered, there were several items missing.  To enter Cabell's office space, a person must first enter two different security codes on two different keypads, one outside the building and one outside of the office space—and go through a total of four doors.

Police questioned David Saunders because he had access to the building as a repair person and because his mother worked for Cabell Insurance.  Saunders told the police that he and his wife, Charissa Saunders, had been working in an adjacent building on the previous night.  David Saunders said that while they were working Charissa Saunders proposed that they should break into the Cabell building and steal some property that they could then trade for crack cocaine.  David Saunders gave Charissa Saunders the access codes to the building because she did not have independent access.  Charissa Saunders alone went into the building and came out shortly thereafter with a TV and VCR from inside the building.  Charissa Saunders put the equipment into the Saunderses' truck.  The Saunderses then drove to another location where they exchanged the property for crack cocaine.

Saunders explained to the police officer investigating the burglary and at trial that he had given his access codes to his wife because she had left her purse in the building and she wanted to retrieve it.  David Saunders also claimed that he told his wife that he would not steal from Cabell and that he was outraged when she returned to the truck with stolen property.  He stated that he did not exchange the property for drugs but that his wife did.  Finally, he claimed to have notified both the Albemarle County police and Cabell, through his mother, that he had information about the burglary.

The trial court found Saunders guilty beyond a reasonable doubt of burglary as a principal in the second degree. The trial court explained that it simply did not believe Saunders:

> The issue initially is one of truthfulness . . . . [T]he Court as the fact finder . . . must first determine the credibility of witnesses, and in so doing, is charged with using its common sense when assessing all of the evidence and all of the reasonable and legitimate inferences that may be drawn from the facts of the case, and in so doing, the Court finds the defendant not to be credible nor does his position appear to be worthy of belief. . . . His eagerness and remorse to report a crime seems to have been silenced for almost nine months and the Court finds that to be most unreasonable and defies logic and common sense if he did share what he professed is the remorse that his mother's place of business had been victimized.

## II. Analysis

"Sufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilt beyond a reasonable doubt." United States v. Powell, 469 U.S. 57, 67 (1984). As an appellate court, we review the trial court's factfinding "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006).

A reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted). Instead, we ask only "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original). These principles recognize that an appellate court is "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate courts have no authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004).

Initially, we note that Saunders was convicted of burglary as a principal in the second degree. Thus, the Commonwealth was not required to prove that he committed the actual criminal act. Instead, an individual is liable for a crime as a principal in the second degree when the Commonwealth proves that he was "'present, aiding and abetting, by helping some way in the commission of the crime.'" Washington v. Commonwealth, 43 Va. App. 291, 306, 597 S.E.2d 256, 263 (2004) (quoting Ramsey v. Commonwealth, 2 Va. App. 265, 269, 343 S.E.2d 465, 468 (1986)).[2] In other words, "'[t]he Commonwealth must prove that the defendant consented to the felonious purpose and the defendant contributed to its execution.'" Brickhouse v. Commonwealth, 276 Va. 682, 686, 668 S.E.2d 160, 163 (2008) (quoting McMorris v. Commonwealth, 276 Va. 500, 505, 666 S.E.2d 348, 350 (2008)).

Although "[e]vidence of a defendant's mere presence at a crime scene is insufficient to sustain a conviction as a principal in the second degree," id., the Commonwealth may prove that an individual is guilty as a principal in the second degree "by any combination of circumstantial or direct evidence," id. at 687, 668 S.E.2d at 163. Thus, the evidence, taken as a whole, must show that Saunders "committed an overt act knowingly in furtherance of the commission of the crime . . . , or that [he] shared in the criminal intent of the principal committing the crime." Id.

A person is guilty of burglary when he "breaks and enters" a building with the intent to, *inter alia*, commit larceny.[3] Code §§ 18.2-90, 18.2-91. Evidence showing that a door was

---

[2] Saunders did not raise the issue of whether he was present when the crime was committed. We note, however, that "[a]ctual presence at the commission of the crime . . . is not required to convict the accused as a principal in the second degree. The accused need only be constructively present at the crime's commission." Washington, 43 Va. App. at 306, 597 S.E.2d at 264 (citing Sutton v. Commonwealth, 228 Va. 654, 667, 324 S.E.2d 665, 672 (1985) ("[I]f several persons set out together . . . upon one common design . . . unlawful in itself, and each takes the part assigned him; . . . they are all, provided the act be committed, in the eyes of the law, present at it.")).

[3] The trial court also convicted Saunders of petit larceny, and that conviction is not before us on appeal. Therefore, we need not determine whether the evidence established the other

- 4 -

opened is sufficient to establish a breaking. "Actual breaking involves the application of some force, slight though it may be, whereby the entrance is effected. *Merely pushing open a door, turning the key*, lifting the latch, or resort to other slight physical force is sufficient to constitute this element of the crime . . . ." Davis v. Commonwealth, 132 Va. 521, 523, 110 S.E. 356, 357 (1922) (emphasis added).

The evidence in this case, viewed in the light most favorable to the Commonwealth, establishes that Saunders gave his wife, Charissa Saunders, the entry codes she needed to enter both the main office building in which Cabell Insurance was located, and Cabell's actual office space. The evidence further established that when he gave her the codes he knew that she intended to use them to gain entry to the insurance office and steal property. Thus, the trial court had sufficient evidence from which it could infer that Saunders committed an overt act—giving his wife the entry codes—and that he did so in order to further the crime of burglary. Whether David Saunders was the individual who then actually entered the security codes and opened the doors into the office building and then the insurance company's office is immaterial given that he was convicted as a principal in the second degree. See Washington, 43 Va. App. at 306, 597 S.E.2d at 264 ("[A] principal in the second degree may be indicted, tried, convicted, and punished in all respects as if a principal in the first degree.").

Finally, we note that Saunders argues on brief that, had the trial court given credence to his version of the facts, the evidence would have been insufficient to convict him. However, the credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented. Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985); Carter v. Commonwealth,

---

element of the crime of burglary—the intent to commit larceny. Moreover, Saunders' counsel clarified at oral argument that he was only challenging the sufficiency of the evidence to prove that Saunders committed a "breaking."

223 Va. 528, 532, 290 S.E.2d 865, 867 (1982). We give deference to the fact finder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony. See Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991). Accordingly, we will not revisit a trial court's credibility determination on appeal, where, as here the trial court specifically "[found] the defendant not to be credible" and determined that "his position [does not] appear to be worthy of belief."

## III. Conclusion

Based on the foregoing discussion, we hold that that the evidence presented in the trial court was sufficient to support Saunders' conviction, and, accordingly, we affirm.

Affirmed.