## Richmond

### RUSSELL S. YOUNG, JR. V. COMMONWEALTH OF VIRGINIA

March 3, 1978.

Record No. 770819.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*(Ronald E. Barrett,* on brief), for plaintiff in error.

*(Anthony F. Troy, Attorney General; Vera S. Warthen, Assistant Attorney General,* on brief), for defendant in error.

Case submitted on briefs.

HARMAN, J., delivered the opinion of the Court.

Russell S. Young, Jr. (defendant), who waived trial by jury, was convicted by the trial court of rape, abduction and assault and battery. The court imposed sentences totaling eight years in the penitentiary and 12 months in jail, with the jail sentence to run concurrently with the penitentiary sentence.

This appeal presents a narrow issue. Prior to defendant's preliminary hearing before the Juvenile and Domestic Relations District Court of the City of Alexandria, his counsel was advised by the clerk of that court that defendant's preliminary hearing would be recorded by electronic recording equipment operated by court personnel. Counsel was also told that a transcript of the proceedings would be available to the defendant. Several days after the hearing, it was discovered that no transcript could be made because the recording equipment had malfunctioned.

Defendant was indicted by a grand jury in the circuit court. Subsequent to his indictment, defendant's counsel filed alternative motions to dismiss the indictment or to grant defendant a new preliminary hearing, arguing that the lack of a transcript impaired his ability to defend himself, in violation of the Equal Protection Clause of the Fourteenth Amendment. The sole issue then is whether the trial court erred on constitutional grounds in denying defendant's motion.

While conceding that the cases upon which he relies "have to do with an indigent's right to a transcript", defendant nevertheless would have us, under the circumstances of this case, extend those cases and hold that an inadvertent failure to record the preliminary hearing was a denial of equal protection. This we decline to do.

*Roberts* v. *LaVallee*, 389 U.S. 40 (1967), holds that if a criminal defendant, upon the payment of a fee, can secure a transcript of his preliminary hearing, an indigent defendant cannot under the Equal Protection Clause be denied a like right merely because he is unable to pay the fee for the transcript. It should be noted that this case originated in New York which had a statute providing that a transcript of the preliminary hearing would be furnished "on payment of ... fees at the rate of five cents for every hundred words." N.Y. Code Crim. Proc. § 206.

*Roberts* and related cases "establish the principle that the State must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal,

when those tools are available for a price to other prisoners." *Britt* v. *North Carolina*, 404 U.S. 226, 227 (1971).

In *Faison* v. *Zahradnick*, 563 F.2d 1135 (4th Cir. 1977), the United States Court of Appeals for the Fourth Circuit had occasion to apply the principles of *Roberts* in a habeas corpus proceeding challenging a conviction under Virginia law. There the Court said:

> "It was held in *Roberts* v. *LaVallee* (1967) 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41, that, if any criminal defendant, upon payment of a fee, can secure a transcript of his preliminary hearing, an indigent cannot under the equal protection clause be denied a like right to such a transcript merely because of his inability to pay the required fee. But the rule so stated presupposes that the testimony at the preliminary hearing has been officially transcribed and is available to the defendant upon the payment of the required fee. In Virginia, however, the testimony at a preliminary hearing is transcribed only if the judge directs that it be transcribed and 'signed by the witnesses.' If the judge directs that the testimony be transcribed and 'signed by the witnesses,' then, in that case *Roberts* would require that an indigent be furnished a transcript of such hearing without the payment of any fee. Where, on the other hand, the judge did not order the testimony to be 'transcribed' and 'signed by the witnesses' at the preliminary hearing, there is no official transcript available to anyone, with or without a fee, whether the defendant be affluent or an indigent; and in those circumstances, failure to furnish a transcript of the preliminary hearing to an indigent will not be a violation of the equal protection provision of the Fourteenth Amendment. Such was the situation here. Whether the petitioner was indigent or rich, he could not secure a transcript of that hearing. The trial court did not therefore commit constitutional error in refusing on equal protection grounds to order that the petitioner be furnished a transcript of his preliminary hearing without payment of a fee." (footnotes omitted) Id. at 1135-36.

The courts of several of our sister states have likewise recognized that the principle enunciated in *Roberts* has no application except where the defendant is denied a transcript

because of his indigency. *Williams* v. *Jasper*, 47 Ala. App. 91, 250 So.2d 699 (denying interlocutory mandamus petition), *cert. denied* 287 Ala. 237, 250 So.2d 701 (1971); *aff'd sub nom. Bryant* v. *State*, 49 Ala. App. 359, 272 So.2d 286 (1972), *cert. denied* 289 Ala. 740, 272 So.2d 297 (1973), *cert. denied* 412 U.S. 922 (1973); *People* v. *Hubbard*, 107 Ill. App.2d 79, 246 N.E.2d 44 (1969); *McHale* v. *State*, 284 So.2d 42 (Miss. 1973); *State* v. *Harris*, 27 N.C. App. 15, 217 S.E.2d 729, *appeal dismissed*, 288 N.C. 512, 219 S.E.2d 347 (1975).

Here, because of the unfortunate malfunction of the court's recording equipment, a transcript could not be prepared. Regardless of the defendant's affluence or indigency, there was no way that a transcript of the preliminary hearing could be secured. We, therefore, find no violation of defendant's constitutional right to equal protection and the judgment of the trial court will be affirmed.

*Affirmed.*