COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


CHIN CHUAN YEH
                                        MEMORANDUM OPINION[*]
v.   Record No. 3111-96-4                   PER CURIAM
                                           JUNE 10, 1997
SHUNKO KISAKA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Leslie M. Alden, Judge

           (Chin Chuan Yeh, pro se, on briefs).

           (Sean J. Coleman; Coleman & Wood, on brief),
           for appellee.



     Chin Chuan Yeh (husband) appeals the decision of the circuit
court awarding Shunko Kisaka (wife) a divorce.  Husband, a
Chinese immigrant, contends that he was denied the right to an
attorney, the opportunity to confront witnesses, and "appellate
rights" because there was "[n]o record of interpreter [and he
was] unable to verify witness testimony."  Husband also contends
that the trial proceedings were tainted because the interpreter
was an interested party and used a false identity with the
knowledge of wife's counsel.  Upon reviewing the record and
briefs of the parties, we conclude that this appeal is without
merit.  Accordingly, we summarily affirm the decision of the
trial court.  Rule 5A:27.

     The record on appeal consists of the circuit court's file,

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

including the exhibits presented at the commissioner's hearing. Husband did not file either a transcript or a written statement of facts. While "[t]he absence . . . of the transcript . . . does nothing to diminish our jurisdiction," we must determine issue by issue whether the record on appeal is sufficient in the absence of a transcript or written statement of facts to determine the merits of husband's allegations. See Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986).

Husband's contention that he was denied an attorney is without merit. The record indicates that husband represented himself throughout the proceedings. The record also indicates that the matter originally was set for trial on February 9, 1996, but was continued due to husband's motions and previous interlocutory appeal. Wife sought a hearing on October 25, 1996 for entry of the final decree. Husband was granted a continuance until November 8, 1996. By motion filed on November 5, 1996, husband sought an additional continuance, alleging that he had decided to hire an attorney. Husband does not specify the basis of his claim, but the record does not indicate that husband is indigent. The right to appointed counsel does not extend to civil domestic cases of divorce and child custody. See M.L.B. v. S.L.J., __ U.S. __, __, 117 S. Ct. 555, 569 (1996). It was within the discretion of the trial court whether to grant yet another continuance to allow husband additional time to obtain counsel. See Bolden v. Commonwealth, 11 Va. App. 187, 397 S.E.2d

534 (1990). We cannot say the trial court abused its discretion by denying husband additional time to obtain counsel.

We find the record inadequate to review husband's contention that he was denied the opportunity to confront witnesses. "It is basic that an appellant has the primary responsibility of ensuring that a complete record is furnished to an appellate court so that the errors assigned may be decided properly." Ferguson v. Commonwealth, 10 Va. App. 189, 194, 390 S.E.2d 782, 785, aff'd in part, rev'd in part, 240 Va. ix, 396 S.E.2d 675 (1990).

We read husband's next contention as arguing that he was denied a transcript. There is no automatic right to a transcript in cases of divorce and, therefore, we find no reversible error. See generally Britt v. North Carolina, 404 U.S. 226, 227 (1971); Young v. Commonwealth, 218 Va. 885, 886-87, 241 S.E.2d 797, 798 (1978).

Finally, the record demonstrates that husband presented his allegations concerning the interpreter to the trial court as exceptions to the findings of the commissioner. The credibility of the witnesses was a matter for the determination of the commissioner who heard and saw them testify. The trial court overruled husband's exceptions, and we find nothing in the record to support husband's allegations. Moreover, even if we were to accept husband's allegations as true, they do not demonstrate that the court committed reversible error or abused its

discretion in granting wife's divorce on the basis of a one-year separation, affirming and merging the parties' separation agreement, or granting wife custody of the parties' children and child support.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>