COURT OF APPEALS OF VIRGINIA

Present:  Judges Annunziata, Bumgardner and Clements
Argued at Alexandria, Virginia


JENNIE MAE DICKERSON
                                              OPINION BY
v.   Record No. 0918-00-2       JUDGE ROSEMARIE ANNUNZIATA
                                            JULY 3, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Paul M. Peatross, Jr., Judge

Helen E. Phillips (Higginbotham & Bowman,
P.L.C., on brief), for appellant.

John H. McLees, Jr., Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


The appellant, Jennie Mae Dickerson, appeals her convictions for entering a building in the nighttime with the intent to commit robbery while armed with a deadly weapon, in violation of Code § 18.2-90 and for robbery, in violation of Code § 18.2-58.  Dickerson contends:  (1) the trial court erred in denying her motion for a new trial when no verbatim recording of the trial was produced as required by Code § 19.2-165; (2) the trial court denied her, an indigent defendant, her rights to equal protection and due process when it denied her motion for a new trial based on the fact that a transcript of the trial could not be produced; and (3) the trial court erred in denying her motion to strike the evidence because such evidence was

insufficient to find her guilty of robbery and burglary.  For the following reasons, we affirm.

I.

BACKGROUND

On appeal, we view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  On the night of September 21, 1998, Dickerson, Jason Stager and Cameron Whetsel were drinking alcohol and smoking marijuana and crack cocaine at Dickerson's home.  When they ran out of cocaine, they began discussing performing a robbery to obtain cash for purchasing more cocaine.  During the discussion, Dickerson suggested two possible businesses that they could rob -- a gas station and a Holiday Inn.  They decided on the latter.  Dickerson also suggested that "putting your hand in your pocket in the shape of a gun would make a good weapon."

All three got into Stager's car, a light blue station wagon with a loud exhaust system, and drove to the Holiday Inn. Stager drove, Dickerson sat in the front passenger seat, and Whetsel rode in the back.  When they arrived at the Holiday Inn, Whetsel went in while Stager and Dickerson waited in the car. Whetsel entered the hotel lobby through the front door and walked to the front desk where Greg Salmon, the desk clerk, was sitting.  Whetsel showed Salmon a knife and demanded money.

Salmon gave Whetsel an envelope containing checks and approximately three hundred dollars in cash.  Whetsel then exited through the front door, returned to the car, and Stager drove away.

Detective Kendell W. Robinson of the Albemarle County Police Department arrested Dickerson on October 1, 1998.  After Robinson read Dickerson her Miranda rights and informed her that he was investigating the robbery at the Holiday Inn, Dickerson said, "You already know I was there.  I'm just scared and I'm sorry for acting like a bitch."

Greg Salmon testified at Dickerson's trial and identified Whetsel as the man who robbed him on the night of September 21, 1998.  Two hotel guests testified that on the night of the robbery they saw a man run out of the Holiday Inn and get into a light blue station wagon with a loud exhaust system.  Both witnesses testified there were two people sitting in the front seat of the car, a man and a woman.

Pursuant to a plea agreement, Jason Stager testified concerning Dickerson's role in the crime.  In exchange for his testimony, the Commonwealth agreed to nolle prosequi his burglary charge.[1]

---

[1] Stager had already pled guilty to robbery of Greg Salmon but had yet to be sentenced.  No agreement was reached regarding sentencing.

After the Commonwealth rested its case-in-chief, Dickerson's counsel moved to strike both indictments, claiming the evidence was insufficient. The court denied both motions to strike. Dickerson did not present any evidence, and her motions to strike were renewed and denied. The court found Dickerson guilty of both charges. This appeal followed.

## II.

## ANALYSIS

### A.

### Failure to Produce Transcript as Required by Code § 19.2-165

Code § 19.2-165 states, in relevant part: "In all felony cases, the court or judge trying the case shall by order entered of record provide for the recording verbatim of the evidence and incidents of trial either by a court reporter or by mechanical or electronic devices approved by the court."

Because of either an error on the part of the court reporter or a mechanical failure of the recording equipment, Dickerson's trial was not recorded and a verbatim transcript of the trial could not be produced. Dickerson claims that because the trial proceedings were not recorded, she is entitled to a new trial. We disagree.

Rule 5A:8 permits a statement of facts to be utilized on appeal in lieu of a transcript. See Houghtaling v. Commonwealth, 209 Va. 309, 315, 163 S.E.2d 560, 564 (1968) (where closing arguments were not recorded, Court held narrative

statement was sufficient to determine issues on appeal and "defendant was not prejudiced by the failure to record that portion of the trial"); cf. Kyhl v. Kyhl, 32 Va. App. 53, 57, 526 S.E.2d 292, 294 (2000) (if "judge cannot in good faith recall or accurately reconstruct the relevant proceedings," a statement of the facts is insufficient and the case must be remanded for a new trial).  In this case, the court approved a statement of facts that summarized the evidence and the trial proceedings and both parties signed that statement of facts. Although at the trial level Dickerson objected to the use of a statement of facts "as a remedy for the failure to record the testimony at trial," she failed to object to the completeness or accuracy of the statement of facts.  On appeal, she does not specify why the statement of facts in this case is inadequate. Because we find the statement of facts provided in this case is sufficient for our review of the evidence to determine its sufficiency, we deny Dickerson's request for a new trial. Carter v. Commonwealth, 209 Va. 317, 324-25, 163 S.E.2d 589, 595 (1968).

B.

Equal Protection and Due Process Rights

Dickerson contends that because she is an indigent, the failure of the trial court to provide her with a transcript of her trial constitutes a violation of her equal protection and due process rights.  We find no merit in her contention.

The line of cases cited by Dickerson, beginning with Britt v. North Carolina, 404 U.S. 226 (1971), provides that a state "must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners." Id. at 227 (emphasis added); see Young v. Commonwealth, 218 Va. 885, 888, 241 S.E.2d 797, 798-99 (1978) (the Court held that where the transcript of the preliminary hearing was not available to any defendant, indigent or not, due to malfunctioning of the recording equipment, there was no violation of the defendant's right to equal protection). In this case, the "tool" in question, the transcript, does not exist and cannot be produced. Therefore, a transcript would not be available to any defendant, indigent or not. Accordingly, Britt and the Virginia cases addressing the same issue do not apply.[2] We find the court did not violate Dickerson's equal protection and due process rights by not providing her with a transcript of her trial.

---

[2] Where the principle does apply, the court may satisfy its obligation by furnishing the defendant "with a free transcript, or narrative of the evidence," Cabaniss v. Cunningham, 206 Va. 330, 335, 143 S.E.2d 911, 914 (1965) (emphasis added), provided that in a given case, the narrative "would fulfill the same functions as a transcript." Britt, 404 U.S. at 227.

C.

## Sufficiency of the Evidence

Dickerson's challenge to the sufficiency of the evidence rests on her argument that Stager should have been disbelieved because of his personal interest in currying favor with the Commonwealth, and that the testimony of an accomplice, alone, is insufficient to support a conviction. However, "[i]t is well settled in Virginia that an accused may be convicted upon the uncorroborated testimony of an accomplice." Johnson v. Commonwealth, 224 Va. 525, 527, 298 S.E.2d 99, 101 (1982). Furthermore, the credibility of Stager's testimony rested exclusively within the province of the fact finder, and we will not substitute our judgment for the court's determination with regard to the credibility of witnesses. Id. at 528, 298 S.E.2d at 101; Love v. Commonwealth, 18 Va. App. 84, 89, 441 S.E.2d 709, 713 (1994).

"A principle in the second degree is a person who is present, aiding and abetting, by helping some way in the commission of the crime." Ramsey v. Commonwealth, 2 Va. App. 265, 269, 343 S.E.2d 465, 468 (1986); see also Rollston v. Commonwealth, 11 Va. App. 535, 539, 399 S.E.2d 823, 825 (1991). "It must be shown that the defendant intended [her] words, gestures, signals or actions to in some way encourage, advise, or urge, or in some way help the person committing the crime to commit it." Ramsey, 2 Va. App. at 269, 343 S.E.2d at 468; see

also Rollston, 11 Va. App. at 539, 399 S.E.2d at 825. "A principal in the second degree is equally accountable and is subject to the same punishment as the actual perpetrator." Ramsey, 2 Va. App. at 269, 343 S.E.2d at 468.

The evidence in this case establishes that Dickerson was a party to the crime. She participated in its planning by suggesting the place to be robbed and a possible way of accomplishing the robbery. She accompanied the principal in the first degree to the scene and waited there for him in the "getaway car," providing assistance, encouragement, and moral support.

Dickerson has failed to state any further grounds to support her claim that the evidence is insufficient to sustain her convictions. Accordingly, we find the evidence was sufficient to find Dickerson guilty of the two charges and, therefore, we affirm the convictions. Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) ("Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.").

Affirmed.