COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Senior Judge Hodges
Argued at Chesapeake, Virginia


JHYY DEMOND CHUBBICK

MEMORANDUM OPINION[*] BY

v.       Record No. 2554-02-1          JUDGE ROBERT J. HUMPHREYS
                                       OCTOBER 28, 2003

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Bruce H. Kushner, Judge


Matthew T. Taylor for appellant.

Michael T. Judge, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Jhyy Demond Chubbick appeals his conviction, after a jury trial, for felony escape from a law enforcement officer, in violation of Code § 18.2-478.[1]  Chubbick contends the trial court erred in denying his motion to strike the charge on the grounds that the evidence failed to establish, as a matter of law, that Chubbick "was in the custody of an officer on a charge of criminal offense."  Because we find that Chubbick failed to argue in his brief on appeal the specific issue upon which his appeal was awarded, we affirm the judgment of the trial court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Further, because this opinion has no precedential value, we recite only those facts essential to our holding.

[1] Chubbick was also tried on charges of assault and battery on a law enforcement officer, in violation of Code § 18.2-57(C), and breaking and entering with the intent to commit larceny, in violation of Code § 18.2-91.  The jury convicted Chubbick of assault and battery on a law enforcement officer, but acquitted him on the charge of breaking and entering.  Neither of these charges, nor their disposition, is at issue on this appeal.

This Court granted Chubbick's petition for appeal on March 7, 2003. In our order granting Chubbick's petition, we limited his appeal to a single issue. Specifically, whether "[t]he trial court err[ed] by denying appellant's motion to strike where the evidence failed to prove he was in the custody of an officer on a charge of criminal offense[.]"

However, in his brief on appeal, Chubbick does not argue that the Commonwealth failed to prove that he was in the custody of police on a criminal offense. Instead, Chubbick argues that the Commonwealth failed to prove he was in the custody of police on a "felonious charge." To support his argument, Chubbick contends that "[Code §] 18.2-479(B)" requires the Commonwealth to "prove" that Chubbick "escape[d] from a law enforcement officer while in custody *on a charge* or conviction of *a felony*." (Emphases in original). Thus, in his brief on appeal, Chubbick curiously ignores the fact that he was convicted of a violation of Code § 18.2-478, not Code § 18.2-479(B). This is true, despite the fact that the record clearly demonstrates that, prior to the commencement of trial, Chubbick specifically agreed to amend the indictment, changing the charge from an alleged violation under Code § 18.2-479(B) to one under Code § 18.2-478.[2]

Because Chubbick failed to brief the specific issue upon which his appeal was awarded, and as directed by this Court, we do not address his appeal further. See Rule 5A:20(e) (requiring the appellant's brief to include, among other things, "principles of law, the argument, and the authorities relating to each question presented"); Thomas v. Commonwealth, 38 Va. App. 319, 321 n.1, 563 S.E.2d 406, 407 n.1 (2002) (recognizing that conclusory assertions in a brief, unsupported by "argument, authority, or citations to the record," do not merit appellate consideration); Dickerson v. Commonwealth, 36 Va. App. 8, 15, 548 S.E.2d 230, 234 (2001);

---

[2] Chubbick raises no issue on appeal pertaining to the propriety of the amendment.

Bennett v. Commonwealth, 35 Va. App. 442, 452, 546 S.E.2d 209, 213 (2001); Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

For the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed</u>