COURT OF APPEALS OF VIRGINIA

Present:    Judges Elder, Bumgardner and Frank
Argued at Richmond, Virginia


DOUGLAS WILLIAM DOGGETT, III

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1522-04-2                  JUDGE LARRY G. ELDER
                                                        OCTOBER 11, 2005

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HANOVER COUNTY
John R. Alderman, Judge

        Bruce P. Ganey for appellant.

        Michael T. Judge, Assistant Attorney General (Judith Williams
        Jagdmann, Attorney General, on brief), for appellee.


        Douglas William Doggett, III (appellant) was convicted of robbery and the use of a

firearm in the commission of a felony.  He appeals these convictions, arguing the trial court erred

in rejecting the duress defense that he raised during the trial.  Appellant has supplied to this

Court as much of the trial transcript as is extant, but a large portion of the trial court testimony

was lost due to a tape malfunction, and appellant has failed to provide a written statement of

facts to supplement the incomplete record.  We affirm the trial court's ruling because the

incomplete record is insufficient for appellate review.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

BACKGROUND

On appeal, we view the evidence in the light most favorable to the prevailing party, granting to it all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Late in the evening on June 3, 2003, appellant went to the motel room of Tiago Johnson, an acquaintance with whom appellant testified he planned to "hang out" for a short time. At some point during appellant's visit, for reasons appellant claimed not to know, Johnson and another man in the room beat, kicked, and pistol-whipped appellant about the head and abdomen. Appellant said that one of the men also put the gun to appellant's forehead and told him that if he did not have money to give them the next day, he was going to die.

The next morning, while appellant stood outside a McDonald's restaurant near Johnson's motel, Johnson handed appellant a bag and a gun and told appellant that if he did not rob the adjacent convenience store in the next seven minutes, he would kill appellant.

Appellant entered the store, pointed the gun at the clerk, and told her to put the money in the bag, which she did. Appellant then took the bag and exited the store. Appellant and Johnson returned to the motel room.

The police, acting on a tip, entered Johnson's motel room where they found Johnson and appellant. One of the officers testified that "both appellant's eyes had been blackened" and that he looked as though he could barely see. Only one gun was found in the room.

II.

ANALYSIS

At trial, appellant asserted a duress defense. To prevail on a duress defense the defendant must show his or her criminal acts "were the product of threats inducing a reasonable fear of

immediate death or serious bodily injury." Pancoast v. Commonwealth, 2 Va. App. 28, 33, 340 S.E.2d 833, 836 (1986). The defense should be rejected if the defendant had "a reasonable opportunity to escape, or . . . a reasonable opportunity to avoid doing the acts without being harmed." Id.

The trial court found that appellant had been severely beaten and seemed genuinely afraid for his life, but concluded that appellant failed to prove a reasonable fear of imminent death or serious bodily injury if he failed to commit the crime. We hold the record on appeal is insufficient to permit us to conclude the trial court erred in rejecting appellant's duress defense.

Due to a malfunctioning recording device, the testimony of the convenience store clerk, one of the arresting officers, and much of the testimony of appellant himself were not recorded and are therefore not in the record.

Although appellant was not responsible for the tape malfunction, he is responsible for providing the Court with a narrative statement or statement of facts in the event a complete transcript is unavailable. Rule 5A:8(b) ("When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered."); see Dickerson v. Commonwealth, 36 Va. App. 8, 13, 548 S.E.2d 230, 232 (2001). The record reflects that appellant knew of the incomplete record prior to sentencing but made no attempt to prepare a statement of facts to supplement the recorded testimony.

Although the briefs of appellant and the Commonwealth as well as the closing arguments of both attorneys refer to testimony of witnesses that is not in evidence, it is well established that "[a]n appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statement of counsel in open court. We may act only upon facts

contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).

Moreover, "the circuit court's judgment is presumptively correct and the burden is on the appellant to present a sufficient record to permit a determination whether the circuit court committed an alleged error." Commonwealth v. Williams, 262 Va. 661, 669, 553 S.E.2d 760, 764 (2001). If an insufficient record is furnished, the appeal will be affirmed. Oliver v. Commonwealth, 35 Va. App. 286, 297, 544 S.E.2d 870, 875 (2001).

Although a record is not necessarily insufficient because it is incomplete, see Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986), the crucial testimony absent from the record in this case is certainly insufficient to permit us to determine if the trial court committed error in holding appellant failed to prove a reasonable fear of imminent death or serious bodily harm. The evidence missing from the trial court record includes much of appellant's own testimony, the testimony of an officer who spoke with appellant after his arrest, and the testimony of the clerk he robbed at gunpoint. The closing arguments and briefs hint at certain key issues addressed by the missing testimony: whether a telephone was available in the convenience store from which appellant could have called for help, whether Johnson waited for appellant outside the store during the robbery, and whether Johnson had a second gun.

The omission of testimony addressing just one of these issues would render the record insufficient. Finally, and perhaps most problematic of all, this Court has no way of knowing what other matters the missing testimony covered or how effective the testimony on these matters was in establishing or refuting the existence of a reasonable doubt as to appellant's guilt. Under these circumstances, we cannot make a determination as to whether the trial court erred in rejecting appellant's duress defense.

Because we find the record insufficient to support appellate review, we affirm.

<u>Affirmed.</u>