COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Decker and O'Brien
Argued at Richmond, Virginia


JAMES JARMELL JACKSON

                                                              MEMORANDUM OPINION* BY
v.       Record No. 1457-16-2                          JUDGE MARLA GRAFF DECKER
                                                                         AUGUST 8, 2017
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Gary A. Hicks, Judge

John W. Parsons (Law Office of John W. Parsons, on brief), for
appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


James Jarmell Jackson appeals his convictions of robbery and use of a firearm in the

commission of a felony, in violation of Code §§ 18.2-58 and -53.1.  He challenges the

sufficiency of the evidence to prove his identity as the person who committed the crimes.  For

the reasons that follow, we affirm the convictions.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND[1]

On November 19, 2015, between 8:30 and 8:45 p.m., John Hildbold arrived at an apartment complex to deliver pizzas. After he got out of his car, a man shoved him from behind. Hildbold "felt" something "like . . . a gun pushed against [his] back." A second male, wearing a ski mask and dark clothing, stepped in front of the victim with a gun and announced that he "wanted [Hildbold's] money." The assailant behind him removed items from Hildbold's pockets, including his cellular phone, keys, and twenty dollars. They grabbed the pizzas Hildbold was carrying and instructed him to "get on the ground." The two assailants "shoved" him "down" and fled. The victim immediately found someone to call 911.

Officer Saunders[2] of the Henrico County Police responded to the robbery call. As he arrived, shortly before 9:00 p.m., he saw four individuals dressed in black approximately three blocks from where the robbery had occurred. Saunders stopped his police car, and as he got out, the four people fled. Officer Saunders coordinated with other law enforcement officers, and they quickly established a half-mile perimeter. After the perimeter was formed, Saunders heard voices coming from a drainage culvert "under" the street. He followed the voices, found the appellant and three other men, and detained them. No other individuals were found within the perimeter.

---

[1] In this Court's review of the sufficiency of the evidence to support a conviction, we view the evidence and "all reasonable inferences fairly deducible therefrom" in "the light most favorable to the Commonwealth," the party who prevailed below. Cuffee v. Commonwealth, 61 Va. App. 353, 357, 735 S.E.2d 693, 695 (2013) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). To do so, the Court "discard[s] the evidence of the accused in conflict with that of the Commonwealth." Id. (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980)).

[2] The officer's first name does not appear in the record.

Immediately across the street from where Saunders detained the four suspects, other officers on the scene found two cell phones and some cash. One phone belonged to the victim, and the other phone was linked to one of the individuals detained with the appellant. They also found the victim's keys and pizza delivery bag. The keys were located where Saunders first saw the four suspects, and the delivery bag was between there and where the robbery occurred.

Detective Christopher Kovach with the Henrico County Police interviewed the appellant, who denied committing the robbery. When Kovach asked him why he fled, the appellant said that he was simply following the others. He also told Kovach that he had "met up with everyone else around 8:00 p.m." and that he had not known the men before that day. The appellant also could not provide Kovach with "his exact address." The detective found a ski mask on the appellant's person when he searched him. However, the appellant denied that he had a ski mask, instead calling it a hat. According to Detective Kovach, when he asked the appellant if the mask had eye and mouth holes, the appellant said that he "did not know" and reacted with "like a snicker, kind of like a laugh."

The appellant testified in his own defense. He denied robbing the victim and participating in the robbery. When asked during cross-examination if a mask was found in his pocket, the appellant responded, "Yes." However, he explained that he wore it "rolled down" and "like a skull hat." The appellant claimed that he had not worn it at all on the day of the offense. He also admitted that he had told Kovach that he did not know the men he was with even though one of them was actually his brother.

The trial court found the appellant guilty. In doing so, the court found that his testimony was not credible. The appellant was sentenced to twenty-three years' incarceration for the robbery and firearm offenses, with twenty years suspended.

## II. ANALYSIS

The appellant argues that the evidence was insufficient to support his convictions because the Commonwealth did not prove beyond a reasonable doubt that he was the person who brandished a gun at the victim and demanded his money. Applying the appropriate legal standard, we hold that the evidence was sufficient to prove that he was a criminal agent of the offenses.

In this Court's review of the sufficiency of the evidence to support a conviction, we will affirm the decision unless the trial court was "plainly wrong or the conviction lacked evidence to support it." See, e.g., Cuffee v. Commonwealth, 61 Va. App. 353, 363, 735 S.E.2d 693, 698 (2013) (quoting Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139-40 (2008)). If the evidence is sufficient to support the conviction, the reviewing appellate court will not "substitute its own judgment for that of the trier of fact, even if its opinion might differ from the conclusions reached by the [fact finder]." Jordan v. Commonwealth, 286 Va. 153, 156-57, 747 S.E.2d 799, 800 (2013). The appellant was tried by the circuit court, sitting without a jury. Consequently, that court was the fact finder, and its judgment is afforded the "same weight as a jury verdict." Goode v. Commonwealth, 52 Va. App. 380, 384, 663 S.E.2d 532, 534 (2008) (quoting Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991)).

Furthermore, it is the function of the trier of fact to determine the credibility of witnesses and the weight afforded the testimony of those witnesses. Thorne v. Commonwealth, 66 Va. App. 248, 253, 784 S.E.2d 304, 307 (2016). This Court does not revisit these determinations on appeal unless reasonable people, "after weighing the evidence and drawing all just inferences therefrom, could reach [only the contrary] conclusion." Towler v. Commonwealth, 59 Va. App. 284, 292, 718 S.E.2d 463, 467 (2011) (quoting Molina v. Commonwealth, 47 Va. App. 338, 369, 624 S.E.2d 83, 98, aff'd, 272 Va. 666, 636 S.E.2d 470 (2006)).

It is axiomatic that "[a]t trial, the Commonwealth bears the burden of proving the identity of the accused as [a] perpetrator beyond a reasonable doubt." Cuffee, 61 Va. App. at 364, 735 S.E.2d at 698 (quoting Blevins v. Commonwealth, 40 Va. App. 412, 423, 579 S.E.2d 658, 663 (2003)). On appeal, we review the trier of fact's determination regarding the identity of the criminal actor in the context of "the totality of the circumstances." Brown v. Commonwealth, 37 Va. App. 507, 523, 559 S.E.2d 415, 423 (2002) (quoting Satcher v. Commonwealth, 244 Va. 220, 249, 421 S.E.2d 821, 839 (1992)).

Identity may be proved by circumstantial evidence. See Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 170-71 (1999). Further, the law is clear that we do "not distinguish between direct and circumstantial evidence." Commonwealth v. Moseley, __ Va. __, __, 799 S.E.2d 683, 686 (2017); see also Breeden v. Commonwealth, 43 Va. App. 169, 177, 596 S.E.2d 563, 567 (2004) ("Circumstantial evidence is as competent and is entitled to as much weight as direct evidence . . . ." (quoting Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983))).

As an initial matter, the appellant argues that the "hat" found in his possession was not proved to have holes for his eyes or mouth and that the poor quality photograph introduced into evidence does not support the conclusion that it was a ski mask. However, in the trial court, the appellant did not contest that the item Kovach found on his person was a ski mask. In fact, the appellant conceded that "the most damning piece of evidence that the Commonwealth has is this mask." We accept this factual concession made below, which is fully supported by the record in this case, notably through the testimony of Detective Kovach and the appellant's acknowledgment on cross-examination. See Logan v. Commonwealth, 47 Va. App. 168, 171-72, 622 S.E.2d 771,

772-73 (2005) (*en banc*) (concluding that the concession of fact made at trial resolved the question on appeal).[3]

The appellant further contends that the Commonwealth failed to refute the "reasonable hypothesis" that he and his three counterparts innocently happened to be in the area of the robbery and that he did not participate as a principal or an accessory to the crimes. "The reasonable-hypothesis principle 'merely echoes "the standard applicable to every criminal case,"'" namely that "the Commonwealth has the burden of proof beyond a reasonable doubt." Moseley, __ Va. at __, 799 S.E.2d at 687 (first quoting Vasquez v. Commonwealth, 291 Va. 232, 250, 781 S.E.2d 920, 930 (2016); and then quoting Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003)). "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997) (quoting Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993)). "[N]o matter how this burden is framed, the factfinder ultimately remains responsible for weighing the evidence," as well as determining "which reasonable inferences should be drawn from the evidence, and whether to reject as unreasonable the hypotheses of innocence advanced by a defendant." Moseley, __ Va. at __, 799 S.E.2d at 687; see Wood v. Commonwealth, 57 Va. App. 286, 306, 701 S.E.2d 810, 819 (2010).

Here, the trial court rejected the appellant's contention that he was merely innocently in the area. Viewing the evidence in the light most favorable to the Commonwealth, the record supports

---

[3] Further, to the extent that the appellant challenges the proof of the specifics related to the mask, this argument is procedurally barred because he did not make it in the trial court. See Rule 5A:18; Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*), aff'd by unpub'd order, No. 040019 (Va. Oct. 15, 2004). See generally Jones v. Commonwealth, 293 Va. 29, 39 n.5, 795 S.E.2d 705, 710 n.5 (2017) (declining to raise *sua sponte* either the ends of justice or good cause exception to Rule 5:25, the Supreme Court of Virginia counterpart to Rule 5A:18).

this conclusion. When Officer Saunders responded to the robbery call shortly after it occurred, he saw four individuals standing outside three blocks from the location of the robbery. When Saunders got out of his car to approach them, they ran and hid. He immediately established a police perimeter. Within that perimeter, the only people that law enforcement found were the appellant and his three companions. They were hiding in a culvert one block away from where Officer Saunders had first observed them. The victim's stolen phone was found in the immediate vicinity of where the appellant and his group were discovered. A second phone found in the same place had stored on it a photograph of one of the appellant's compatriots. This evidence was clearly sufficient to link the appellant and his companions to the crimes.

The question pivotal to the resolution of this appeal is whether the evidence sufficiently proved that the appellant participated in the robbery. We hold that the evidence established that the appellant acted, at the very least, as a principal in the second degree to both the robbery and the use of a firearm in the commission of a felony. See Code § 18.2-18 (providing that a principal in the second degree is equally guilty as a principal in the first degree, with some exceptions that are not applicable to this case); Tasker v. Commonwealth, 202 Va. 1019, 1020, 1023, 1025-26, 121 S.E.2d 459, 460, 462, 464 (1961) (upholding the defendant's conviction for grand larceny where he was indicted for stealing a ring and "found . . . 'guilty as charged in the indictment'" but the evidence proved that he acted only as a principal in the second degree to the theft).

A principal in the second degree is "one who is present, actually or constructively, assisting the perpetrator in the commission of the crime." Goode, 52 Va. App. at 385, 663 S.E.2d at 535 (quoting Muhammad v. Commonwealth, 269 Va. 451, 482, 619 S.E.2d 16, 33

(2005)).[4]  In order for a person to act as a principal in the second degree, "actual participation in the commission of the crime is not necessary."  Id. (quoting Muhammad, 269 Va. at 482, 619 S.E.2d at 33); see also Carter v. Commonwealth, 232 Va. 122, 125, 348 S.E.2d 265, 267 (1986) (explaining that an individual "who never held or possessed a firearm might nevertheless be convicted as a principal in the second degree of the use of a firearm in the commission of a felony where he acted in concert with the gunman").  The deciding factor is "whether or not he was encouraging [or] inciting . . . the commission of the crime[,] . . . present lending countenance, or otherwise aiding while another did the act."  Goode, 52 Va. App. at 385-86, 663 S.E.2d at 535 (quoting Muhammad, 269 Va. at 482, 619 S.E.2d at 33).  To constitute a principal in the second degree, an individual "must be guilty of some overt act, or he must share the criminal intent of the principal."  Rollston v. Commonwealth, 11 Va. App. 535, 539, 399 S.E.2d 823, 825 (1991) (quoting Triplett v. Commonwealth, 141 Va. 577, 586, 127 S.E. 486, 489 (1925)).

By the appellant's own account, he met with the group around 8:00 p.m.  He was found with a ski mask, and at least one of the robbers wore a ski mask.  The appellant and his companions wore dark clothing, as did the assailant seen by the victim.  Officer Saunders first saw the appellant and the others shortly after the robbery, three blocks from where it occurred.  Stolen items were found in the immediate area of where Saunders first saw the men and where they hid in the culvert.  The appellant fled from the officer and hid in a culvert with his companions.  Further, the appellant lied to law enforcement about not knowing the people that he accompanied, one of whom was his brother, and was evasive about his address and the mask in his pocket.  See Ragland v. Commonwealth, 67 Va. App. 519, 533, 797 S.E.2d 437, 444 (2017)

---

[4] In contrast, a principal in the first degree is one who actually commits the crime. Goode, 52 Va. App. at 385, 663 S.E.2d at 535 (quoting Muhammad, 269 Va. at 482, 619 S.E.2d at 33).

("[A]ffirmative acts of falsehood or flight immediately following the commission of a crime . . . tend to show a person's guilty knowledge of, and participation in, a criminal act." (citing Jones v. Commonwealth, 279 Va. 52, 57, 688 S.E.2d 269, 272 (2010))).

The trial court, as the trier of fact, was entitled to reject the appellant's claim of innocence and his self-serving statements to the police. See, e.g., Rawls v. Commonwealth, 272 Va. 334, 350, 634 S.E.2d 697, 705 (2006) (rejecting the defendant's statement to police). Additionally, where the fact finder concludes that a defendant's testimony is not credible, it may reject that testimony and treat his "prevarications as 'affirmative evidence of guilt.'" Sierra v. Commonwealth, 59 Va. App. 770, 784, 722 S.E.2d 656, 663 (2012) (quoting Armstead v. Commonwealth, 56 Va. App. 567, 581, 695 S.E.2d 561, 567 (2010)).

The facts here provide more than adequate support for a finding that the appellant acted at the very least as a principal in the second degree. "[E]vidence of [the appellant's] conduct in concert" with the others and "proximity to the attack" supplied "ample proof of [his] . . . shared criminal intent." See Goode, 52 Va. App. at 387, 663 S.E.2d at 536. The trier of fact could readily have concluded that the appellant "provid[ed] assistance, encouragement, and moral support" to accomplish the offenses as one of the criminal agents. Dickerson v. Commonwealth, 36 Va. App. 8, 15, 548 S.E.2d 230, 233 (2001). Consequently, the record supports the trial court's finding that the appellant was guilty of robbery and using a firearm in the commission of the felony. For these reasons, we affirm the convictions.

### III. CONCLUSION

The evidence was sufficient to support the convictions. However, the sentencing order contains a clerical error. It mistakenly lists the same case number for both convictions, providing that the court sentenced the defendant "in Case No. CR16-265-00F for a term of three (3) years . . . and in Case No. CR16-265-00F for a term of twenty (20) years." The record

- 9 -

reflects that the three-year sentence is for the use of the firearm, CR16-265-00F, and the twenty-year sentence is for the robbery, CR16-264-00F. Therefore, we affirm and remand solely for correction of the clerical error. Code § 8.01-428(B); see, e.g., Howell v. Commonwealth, 274 Va. 737, 739 n.*, 742, 652 S.E.2d 107, 108 n.*, 109 (2007).

Affirmed and remanded.