UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Beales and Malveaux
Argued at Richmond, Virginia

HERBERT COTTRELL BRAXTON

v.      Record No. 0815-18-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE RANDOLPH A. BEALES
JUNE 25, 2019

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Lynn S. Brice, Judge

Travis R. Williams (Todd M. Ritter; Daniels, Williams, Tuck &
Ritter, on brief), for appellant.

Eugene Murphy, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Appellant Herbert Braxton was convicted of strangulation in violation of Code § 18.2-51.6

in the Circuit Court of Chesterfield County.  On appeal, he argues that, because "of the failure of the

lower court to properly preserve the court reporter's notes to ensure a full and accurate transcript of

the defendant's trial," the conviction should be reversed and the case remanded for a new trial.

I. BACKGROUND

At the conclusion of his bench trial, Braxton was convicted and sentenced to three years of

incarceration, with two years and nine months suspended, by final order entered on April 30, 2018.

On May 17, 2018, Braxton timely filed a notice of appeal, which stated, "Counsel for Appellant has

ordered from the court reporter who reported the case the transcripts for filing as required by Rule

5A:8(a)."  On June 19, 2018, the Principal Deputy Clerk of the Criminal Division for the Circuit

Court of Chesterfield County sent an email to the parties that included the following statement:

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"Following a diligent search, our office is unable to locate the court reporter notes for the trial of Herbert Braxton on 4/12/18 before Judge Brice." In the email, the Principal Deputy Clerk also requested that the parties file a statement of facts in lieu of a transcript.

On June 29, 2018, several days after the deadline for filing a statement of facts in lieu of a transcript had passed, Braxton filed a "Motion to Extend Deadline for Filing of Transcripts or Written Statement of Facts" with this Court. On July 10, 2018, this Court entered an order granting an extension of time until July 29, 2018 to file a transcript, but denying the motion for an extension of time for filing a statement of facts in lieu of a transcript because "the Court has no jurisdiction to grant such a request" as such a request must be filed in the trial court. On July 27, 2018, Braxton again submitted to this Court a "Motion to Extend Deadline for Filing of Transcripts." This Court granted an extension to file transcripts until August 28, 2018. Appellant never filed a transcript or statement of facts in lieu of a transcript for the April 12, 2018 bench trial.[1]

In his first of three assignments of error, Braxton alleges, "Error was committed in the trial court, depriving this indigent defendant of fundamental due process and equal protection of the law, by virtue of the lower court's failure to properly preserve the court reporter's notes, which prevented the filing of a full and accurate transcript of trial." He further states that the trial court failed to furnish a transcript as required by Code § 19.2-165 ("the trial court *shall*, upon the motion of counsel for the defendant, order the evidence transcribed for such appeal . . ." (emphasis added)). He, therefore, argues that the appropriate remedy is to reverse the conviction and remand for a new trial.

---

[1] A transcript was timely filed for appellant's sentencing hearing on April 20, 2018, but not for his trial to which his second and third assignments of error relate.

## II. ANALYSIS

Braxton's argument concerns questions of law including deadlines imposed by the Rules of the Supreme Court as well as statutory and constitutional interpretation. These questions are reviewed *de novo*. Belew v. Commonwealth, 284 Va. 173, 177 (2012); Bergaust v. Flaherty, 57 Va. App. 423, 429 (2011).

### Rule 5A:8 and Rule 5A:3

According to Rule 5A:8(a), "[t]he transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Subsection (c) of the rule provides, "A written statement of facts, testimony, and other incidents of the case becomes a part of the record when . . . within 55 days after entry of judgment a copy of such statement is filed in the office of the clerk of the trial court." The Rules of the Supreme Court also provide appellants a means to request extensions of the deadlines for filing transcripts or a statement of facts in lieu of a transcript. Rule 5A:3(b) states, "Except as provided in paragraph (a) of this Rule, the times prescribed in these Rules for filing papers, except transcripts (Rule 5A:8(a)), may be extended by a judge of the court in which the papers are to be filed upon a showing of good cause sufficient to excuse the delay." An extension of the deadline to file a transcript "may be extended by a Judge of the Court of Appeals only upon a written motion filed within 90 days after the entry of final judgment." Rule 5A:8(a). Therefore, pursuant to the Rules, while this Court may grant extensions of time to file transcripts, only the trial court may grant extensions of time to file a statement of facts in lieu of a transcript. Rule 5A:3(b); Rule 5A:8(a). See Barrett v. Barrett, 1 Va. App. 378 (1986).

### Failure to Timely File a Statement of Facts in Lieu of a Transcript

The trial court's final order (the sentencing order) was entered on April 30, 2018. Per Rule 5A:8, the deadline to submit a written statement of facts in lieu of a transcript (fifty-five days from

entry of final judgment) was Sunday, June 24, 2018 and the deadline to file a transcript (sixty days from entry of final judgment) was Friday, June 29, 2018. Since the deadline to file a statement of facts in lieu of a transcript fell on a Sunday, the statement of facts in lieu of a transcript would have been timely if filed on Monday, June 25, 2018. See Code § 1-210(B). On June 19, 2018 – six days before the deadline to timely file a statement of facts in lieu of a transcript – the deputy clerk sent Braxton's attorney an email notifying him that a transcript could not be done and requesting submission of a statement of facts in lieu of a transcript. Instead of filing with the trial court either a statement of facts in lieu of a transcript or a request for an extension of the deadline to file a statement of facts in lieu of a transcript, Braxton's attorney on June 29, 2018 – four days *after* the deadline to file a statement of facts in lieu of a transcript – filed a motion with this Court seeking an extension of the deadline to file transcripts or a written statement of facts in lieu of a transcript. The record does not reflect that at any point Braxton filed with the trial court either a statement of facts in lieu of a transcript or a request for an extension to file a statement of facts in lieu of a transcript.

Although Braxton claims he was deprived of a transcript "through no fault of his own," the fact remains that, at the time he discovered that no transcript would be available, six days remained in which to file a statement of facts in lieu of a transcript or to request an extension of the deadline to file a statement of facts in lieu of a transcript. The very email that informed him of the lack of availability of transcripts requested that he file a statement of facts in lieu of a transcript. It is well-established that the appellant bears the burden to present a sufficient record from which the appellate court can review the appellant's alleged assignments of error. Justis v. Young, 202 Va. 631, 632 (1961); Bay v. Commonwealth, 60 Va. App. 520, 528 (2012). See also Rule 5A:8(b)(4)(ii). It is also well-established that a statement of facts may be used in lieu of a transcript to enable appellate court review. Houghtaling v. Commonwealth, 209 Va. 309, 315

(1968); <u>Dickerson v. Commonwealth</u>, 36 Va. App. 8, 13 (2001). The record does not show any attempt by Braxton to prepare or submit a statement of facts in lieu of a transcript to the trial court for its review or consideration.

In his brief, appellant makes the conclusory statement that "[n]o written statement of facts captured from recall after that passage of time [50 days] and under those circumstances could adequately present the issues for a meaningful appeal." At oral argument before this Court, counsel for Braxton further added that in his opinion, due to the contested nature of the trial, the two parties would not be able to agree on a statement of facts in lieu of a transcript. However, it is not an appellant's prerogative to decide unilaterally that an adequate statement of facts in lieu of a transcript cannot be prepared. Braxton never provided the trial judge a statement of facts in lieu of a transcript to review or approve. Therefore, the record does not support a conclusion that the parties and the trial judge could not reconstruct the relevant proceedings or that a new trial is warranted.

Braxton also argues that at the time of the clerk's email notifying of the unavailability of a transcript, "the judgment of conviction had been final for some 50 days, meaning that the trial court lacked jurisdiction to modify it." This statement misses the fact that the filing of a statement of facts in lieu of a transcript is not a modification of the trial court's final order. Rule 5A:8(c) explicitly provides that "[a] written statement of facts, testimony, and other incidents of the case becomes a part of the record when . . . within 55 days after entry of judgment a copy of such statement is filed in the office of the clerk of the trial court." Beyond that fifty-five-day deadline, "as long as a proposed written statement of facts was timely filed and the notice and hearing requirements are satisfied, [a trial court's] correction power allows a trial court to enter a revised version of a timely filed statement of facts" while it remains in the office of the clerk. <u>Grenado v. Commonwealth</u>, 292 Va. 402, 409 (2016).

Filing the Extension Request in the Wrong Court

Braxton ultimately filed a "Motion to Extend Deadline for Filing of Transcripts or Written Statement of Facts," in which he requested "that a Judge of this Court enter an Order extending the deadline for filing transcripts for a period of 30 days, or alternatively, a Written Statement of Facts if such a transcript cannot be prepared, or for such other time period as this Court deems proper." However, that motion was filed on June 29, 2018 – four days *after* the deadline to file a statement of facts in lieu of a transcript. It was also filed before the wrong court, given that the statement of facts in lieu of a transcript must be filed in the trial court as that deadline "may be extended by a judge of the court in which the papers are to be filed" – i.e., the trial court. Rule 5A:3(b). See also Rule 5A:8.

No Equal Protection or Due Process Violation

Braxton argues that because he is indigent the trial court's failure to provide a transcript as required by Code § 19.2-165 was a violation of his due process and equal protection rights.[2] That same argument was rejected by this Court in Dickerson. In that case, the Court noted that the transcript, which simply could not be obtained because of either an error on the part of the court reporter or a mechanical failure of the recording equipment, "would not be available to any defendant, indigent or not." Dickerson, 36 Va. App. at 14. See also Young v. Commonwealth, 218 Va. 885, 888 (1978) ("Regardless of the defendant's affluence or indigency, there was no way that a transcript of the preliminary hearing could be secured."). The same principle holds true here. The transcript was unavailable because the court reporter's notes could not be located. The lack of transcripts is unrelated to and unaffected by Braxton's indigent status; he would not have been able to obtain a transcript whether indigent or not. In addition, in Dickerson, the appellant provided a

_____

[2] At oral argument, Braxton conceded that his position was that any time a transcript cannot be provided in a criminal trial for whatever reason, the case should be reversed and remanded for a new trial.

statement of facts that the Court found to be sufficient to enable review. The appellant in this case will not obtain a different result than that in Dickerson simply by not filing a statement of facts in lieu of a transcript. Such an outcome would provide a perverse incentive not to even attempt to file a statement of facts in lieu of a transcript in situations where a transcript is not available.

In addition to the assignment of error already addressed, Braxton makes two other assignments of error. In his second assignment of error, Braxton challenges the sufficiency of the evidence to sustain his conviction for strangulation. In his third assignment of error, he argues, "The trial court erred by admitting testimony of police officer describing video surveillance allegedly capturing the crime when the video itself was not authenticated or played at trial."

As noted supra,

> on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed.

Justis, 202 Va. at 632. See also Rule 5A:8; Smith v. Commonwealth, 281 Va. 464, 470 (2011) ("[T]he failure to timely file the transcript . . . d[oes] not deprive the Court of Appeals of its active jurisdiction to proceed to judgment in the appeal and there is no error in the Court of Appeals' judgment affirming [appellant's] convictions."). We hold that a transcript or statement of facts in lieu of a transcript is indispensable to the resolution of the issues presented in Braxton's second and third assignments of error. Because it is indispensable but not provided to us on appeal, we affirm Braxton's conviction.

## III. CONCLUSION

When the clerk's office of the circuit court notified Braxton that the trial transcript he had requested could not be provided because it was "unable to locate the court reporter notes," it also notified him that he still had the opportunity to timely file with the trial court a statement of facts in

lieu of a transcript. (He also could have filed a request with the trial court for an extension of the deadline to file a statement of facts in lieu of a transcript.) His failure to do so does not entitle him to a new trial. Furthermore, there is no due process or equal protection violation in this case. No appellant, whether indigent or wealthy, would have been able to obtain a transcript under these circumstances where the court reporter's notes were lost. Without a transcript or a statement of facts in lieu of a transcript, this Court cannot reach the merits of Braxton's remaining assignments of error. Therefore, appellant's conviction is affirmed.

<u>Affirmed.</u>